AMERICAN CAR AND FOUNDRY COMPANY, Respondent, v. PROGRESSIVE ENGINEERING CORPORATION, Defendant, Impleaded with COLUMBIA CASUALTY COMPANY, Appellant.

First Department, March 18, 1932.

*Herbert F. Hastings, Jr.*, of counsel [*Everett F. Warrington*, attorney], for the appellant.

*William F. McDermott* of counsel [*Noah A. Stancliffe* and *Theodore L. Harrison* with him on the brief; *Hardy, Stancliffe & Hardy*, attorneys], for the respondent.

SHERMAN, J.   Appellant seeks to dismiss the complaint for failure to state a cause of action against it.   The first cause of action does not relate to it and its liability, if any, depends upon the allegations of the second cause of action.

That cause of action charges that the defendant Progressive Engineering Corporation had entered into a contract with the county of Erie for the construction of a bridge; that defendant Columbia Casualty Company had executed its bond to that county guaranteeing performance by Progressive Engineering Corporation of that contract; that plaintiff contracted with that corporation to furnish and erect the structural steel and carried out the contract so that there became due from Progressive Engineering Corporation to the plaintiff a balance of $3,592.95.

It further pleads that appellant delivered a guaranty (which is not set forth in terms in the complaint) whereby it agreed to pay plaintiff the above-mentioned sum within a reasonable time after July 17, 1930, " in the event that the defendant Progressive Engineering Corporation failed and refused to pay said sum from the final payment due it from the County of Erie."

Then follow averments to the effect that although the Progressive Engineering Corporation performed its agreement with the county

of Erie and became entitled to payment under the contract, liens have been filed so that the county of Erie has refused to make final payment to the Progressive Engineering Corporation, and that by reason of these liens it will not be " entitled " to, and will not receive, any sum due it as a final payment, and that a reasonable time has elapsed since the completion of the bridge and since the time when defendant became entitled to receive the final payment.

We are called upon to interpret the specific language found in the complaint. The gist of the pleading is that liability arose when the final payment became due to Progressive Engineering Corporation from the county of Erie and it then failed to pay plaintiff the debt owing to it. The allegations which state the reason why this final payment was not made may be treated as surplusage.

Does the guaranty mean that no liability arises unless the county of Erie shall have actually paid to the contractor the amount due upon completion of the work and the contractor shall thereafter have defaulted in paying plaintiff? Or does it mean that appellant will become liable upon completion of the work, when the final payment shall be due to the contractor and plaintiff remain unpaid?

To sustain appellant's contention would require us to hold that the word " due " meant " received by." If that had been the intent of the parties, it would have been clearly set forth. Inasmuch as appellant had already executed to the county of Erie a completion bond, its interest was to aid in bringing about the completion of the work so that the final payment upon completion would become due and it would be freed from liability upon the completion bond. Then, if the contractor defaulted in paying plaintiff, it undertook to do so.

The guaranty should not be given a narrow construction which would exonerate the guarantor from liability in the event that the Progressive Engineering Corporation by its conduct, either in the performance of the work or otherwise, brought about a condition whereby, though entitled to receive the final payment to it, it could not obtain it. The guaranty should be interpreted to mean that appellant would pay, provided the Progressive Engineering Corporation became entitled to the final payment due to it from the county of Erie and nevertheless failed and refused to make the payment to plaintiff. The language should not be given a rigid and unyielding meaning, but should be interpreted in the light of the apparent purpose of the parties, under all the circumstances.

The order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant, appellant,

to answer within twenty days from service of order upon payment of said costs, and ten dollars costs of motion at Special Term.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant, appellant, to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.